1  **WO**

NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Maria Bruner, et al., | No. CV-18-00664-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for a More Definite Statement (Doc. 13). Plaintiffs filed a Response (Doc. 17), and Defendant filed a Reply (Doc. 18).

**I.  BACKGROUND**

On February 28, 2018, Maria Bruner and Laura Cerda (collectively "Plaintiffs"), two Hispanic women, filed their Complaint, which asserted claims pursuant to Title VII of the Civil Rights Act of 1964 of racial harassment, sexual harassment, and retaliation by their employer, the City of Phoenix ("Defendant"). (Doc. 1). Plaintiffs have been employed by Defendant since 2005. (*Id.* ¶¶ 10, 19). Plaintiff Bruner alleges that she has been subjected to discriminatory harassment based on her race and gender since May of 2011, and Plaintiff Cerda alleges that she has been subjected to harassment since 2010. (*Id.* ¶¶ 13, 22). Plaintiff Bruner alleges that despite repeatedly complaining about the discriminatory misconduct to Defendant over the past five to six years, the discriminatory harassment continued. (*Id*. ¶¶ 17, 18). Similarly, Plaintiff Cerda alleges repeatedly

complaining to the Defendant of the co-worker's racial slurs against her and her family, and the Defendant "did not do anything about it. . . ." (*Id*. ¶ 27).

Plaintiffs are both married to African-Americans, and the co-worker allegedly harassed Plaintiffs by using discriminatory racial epithets, including: "nigger," "nigger lover," and "mayate."[1] (*Id*. at 2-3). For example, the co-worker told other employees "<u>not</u> to interact with [Plaintiff] Bruner because [she] 'only dated niggers. . . .'" (*Id*. ¶ 14 (emphasis in the original)). Additionally, Plaintiff Cerda alleges that when looking at a photo of her son on her desk, the co-worker stated, "how much she dislikes 'mayates' . . . and how she could not believe that someone would 'date out of their race' . . . ." (*Id*. ¶ 24). As for their sexual harassment claims, Plaintiff Bruner claims the co-worker falsely accused her of being a swinger who "engaged in extramarital sexual affairs" at work. (*Id*. ¶ 16). Likewise, Plaintiff Cerda asserts the co-worker spread false rumors that she cheated on her husband, "having sex in the workplace." (*Id*. ¶ 26).

Plaintiffs claim they suffered, and continue to suffer, a negative impact on their employment and psychological well-being. (*Id*. at 3-4). Plaintiffs allege that after they notified Defendant of the discrimination, Defendant subsequently falsely accused them of misconduct and subjected them to unwarranted investigations. (*Id*. ¶ 33). Both Plaintiffs filed a charge with the Equal Employment Opportunity Commission ("EEOC") in August 2017, and each received a right to sue letter on approximately November 30, 2017. (*Id*. ¶¶ 34, 35).

## II. LEGAL STANDARDS

A motion for a more definite statement pursuant to Rule 12(e) Federal Rules of Civil Procedure is only proper if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). Rule 12(e) provides a party with the opportunity to point out "the defects complained of and the details desired." *Id*. However, a motion for a more definite statement, also known as a Rule 12(e) motion, is "ordinally restricted to situations where a pleading suffers from unintelligibility rather than want of

---

[1] Derogatory Spanish term for African-Americans.

detail, and if the requirements of the general rule as to pleading are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002)); *see also Resolution Trust Corp. v. Dean,* 854 F. Supp. 626, 649 (D. Ariz. 1994) ("Rule 12(e) is designed to strike at unintelligibility rather than want of detail.").

As pleadings in federal court are only required to fairly notify the opposing party of the nature of the claim, Rule 12(e) motions are disfavored and not to be used to test a case by requiring the opponent to allege certain facts or withdraw from his or her allegations. *See Castillo*, 219 F.R.D. at 163 (citing *Resolution Trust Corp.*, 854 F. Supp. at 649). If the details sought by a Rule 12(e) motion are obtainable through discovery, the motion should be denied. *See Sheffield*, 211 F.R.D. at 415 ("A motion for a more definite statement is not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes.") (internal quotation and citation omitted)). While a 12(e) motion is only appropriate when the complaint "does not provide defendants with a fair opportunity to frame a responsive pleading," the decision to grant or deny the motion is generally left to the discretion of the district court. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).

The Rule 12(e) standard should be viewed in conjunction with the liberal pleading requirements of Rule 8. *Castillo*, 219 F.R.D. at 159. Rule 8 requires a complaint contain a "short and plain statement showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to meet this threshold, the complaint only needs enough allegations to inform defendants of the claims made against them. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III. DISCUSSION**

In the instant Motion, Defendant contends that Plaintiffs failed to identify: (1) the specific claims they are asserting and (2) the timing of the alleged harassment and retaliatory adverse employment actions that gave rise to their claims. (Doc. 13 at 1).

First, Defendant argues that Plaintiffs failed to assert the specific claims in their Complaint, which rendered the Complaint "'vague and ambiguous.'" (Doc. 13 at 4). The Court disagrees. Under Rule 8(a)(2), a complaint need only contain a short, plain statement of each claim to put defendants on sufficient notice of the allegations against them. Here, the Complaint provides that Plaintiffs are asserting claims to "stop and remediate racial harassment, sexual harassment and retaliation in the workplace. . . ." (Doc. 1 ¶ 1). Moreover, Plaintiffs provided specific details regarding the discriminatory racial epithets and conduct that they were allegedly subjected to. (Doc. 1 at 2-4). Although Plaintiffs' Complaint did not provide a comprehensive list of every racial slur or discriminatory act they were subjected to, the Court finds that Plaintiffs have put forth enough details to provide Defendant with a fair idea of the basis of the Complaint and the legal grounds claimed for recovery. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (holding a complaint in an employment discrimination lawsuit need not contain specific facts establishing a prima facie case; it only needs to contain a short and plain statement of the claim showing that the pleader is entitled to relief); *Castillo*, 219 F.R.D. at 163 (finding that plaintiff's complaint fairly notified defendant of the nature of the claims, even though the complaint did not contain details regarding who discriminated against him, when the discrimination occurred, or the exact circumstances surrounding the misconduct).

Second, Defendant also argues that Plaintiffs' Complaint is "vague and ambiguous" regarding the timing of events giving rise to their claims. (Doc. 13 at 1-3). The Court again disagrees. Specific dates are not required. S*ee Sheffield,* 211 F.R.D. at 415 (finding it is not necessary for a plaintiff to plead specific dates). The Complaint need only provide Defendant with a general timeframe of when the alleged events occurred; the specific details are determined through the discovery process. S*ee id.* Here, Plaintiff Cerda alleges she was subjected to discriminating slurs and harassment consistently from 2010 to when Plaintiffs initiated this lawsuit on February 28, 2018. (Doc 1 ¶¶ 22, 27). Likewise, Plaintiff Bruner claims she suffered discriminatory harassment which started in May 2011 by a co-worker and continued until the Complaint was filed. (*Id.* ¶¶ 13, 15). Plaintiff Cerda's

allegations, though not as specific as Plaintiff Bruner's, still meets the Rule 8 pleading standard. Moreover, Defendant's own Motion even refers to the Plaintiffs' timeframe of events; thus, Defendant acknowledges that Plaintiffs provided a general timeframe of the alleged discrimination. For example, Defendant's motion recognizes that Plaintiff Bruner had been subjected to discriminatory harassment based on her race and gender since last May 2011, and Plaintiff Cerda since 2010. (Doc. 13 at 2). Moreover, Defendant's motion also recognizes Plaintiffs' five to six year timeline of Defendant's alleged retaliatory actions against Plaintiffs. (*Id.*) The Court finds Plaintiffs' Complaint has provided a sufficient timeline regarding the timing of their claims. *See McKeever*, 932 F.2d. at 798 (finding Rule 8 does not require a complaint to have a timeframe when the events occurred); *Sheffield*, 211 F.R.D. at 415 (finding that a complaint need only set forth the approximate dates on which the alleged events occurred; it does not need to provide the specific dates) (citation omitted).

## IV. CONCLUSION

Plaintiffs' Complaint is not "so vague or ambiguous" that Defendant cannot reasonably prepare a response. The Court finds that Plaintiffs' Complaint provided sufficient identifying information to place Defendant on notice of the nature of their claims. Defendant can use the appropriate available discovery tools to gather more specific information, including gathering information to determine whether Plaintiffs have complied with all applicable statutes of limitations. *See Sheffield*, 211 F.R.D. at 415 (holding that if defendant would like more specific details, then it should use its own sources and the available discovery tools); *Castillo*, 219 F.R.D. at 164 ("Where the information sought is available through the discovery process, a Rule 12(e) motion should be denied.") (citation omitted). Therefore, the Court will deny Defendant's Motion for a More Definite Statement. Accordingly,

**IT IS ORDERED** that Defendant's Motion for More Definite Statement (Doc. 13) is **DENIED**;

…

**IT IS FURTHER ORDERED** that Defendant, who has been served, must file an Answer on or before March 1, 2019.

Dated this 20th day of February, 2019.

_____
Honorable Diane J. Humetewa
United States District Judge