**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Bruner, et al., | No. CV-18-00664-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, | |
| Defendant. | |

Before the Court is Defendant's Motion for Reconsideration Regarding Plaintiffs' Motion to Strike. (Doc. 78).[1]

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995); *Drake v. City of Eloy*, 2016 WL 67519, *1 (D. Ariz. 2016). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." S*chool Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "to rethink what the court had already thought through, rightly or wrongly." *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572,

---

[1] Pursuant to Local Rule of Practice of the U.S. District of Arizona ("Local Rule") 7.2(g), Plaintiffs are not permitted to file a Response without leave of the Court.

1573 (D. Haw. 1988).

Defendant is asking the Court to reconsider its Order (Doc. 77) striking Defendant's Motion for Sanctions for failing to comply with the Court's discovery dispute protocol. (Doc. 78). Defendant argues that Court should reconsider its Order because its Motion for Sanctions is not "a mere discovery dispute" and that "it is seeking relief because Plaintiffs have intentionally destroyed and failed to properly preserve relevant, discoverable social media evidence." (*Id.* at 2). The Court struck Defendant's Motion for Sanctions because the gravamen of the Motion was the production—or lack thereof—of discoverable evidence, including Plaintiffs' "duty of production under the MIDP or Fed.R.Civ.P. 26 and 34." (Doc. 69 at 6). Therefore, the Court found that the parties needed to comply with the Court's discovery dispute protocol before filing a Motion for Sanctions. Moreover, the Court's Order did not foreclose on Defendant's ability to file a Motion for Sanctions after complying with the Court's discovery dispute protocol. Accordingly, the Court does not find that Defendant provided a sufficient basis for the Court to reconsider its Order. Thus, the Court will deny the Defendant's Motion for Reconsideration and instruct the parties to comply with the Court's discovery dispute procedure. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration Regarding Plaintiffs' Motion to Strike (Doc. 78) is **DENIED**.

Dated this 7th day of May, 2019.

Honorable Diane J. Humetewa
United States District Judge