Stephen Montoya (#011791)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Bruner and Laura Cerda, | No. CV 18-00664-PHX-DJH |
| Plaintiffs, | |
| vs. | **JOINT SUMMARY OF DISCOVERY DISPUTE REGARDING AMENDMENTS TO ADMINISTRATIVE REGULATION (AR) 2.35** |
| City of Phoenix, an Arizona Municipal Corporation, | |
| Defendant. | |

The parties submit this joint summary of discovery dispute.[1]

---

[1] Counsel have attempted to resolve this matter through multiple letters, personal consultations and sincere effort, but have not been able to resolve this discovery dispute.

1
2
3
4
5
6
7
8
9
10

11
12
13
14
15
16
17
18

19
20
21
22
23
24
25
26
27
28

MONTOYA, LUCERO & PASTOR
A PROFESSIONAL ASSOCIATION OF LAWYERS
3200 NORTH CENTRAL AVENUE, SUITE 2550
PHOENIX, ARIZONA 85012

**Plaintiffs' Position:**   In the parties' Proposed Case Management Plan, at p. 4, the City admits it "investigated Ms. Bruner's complaint [of discrimination] pursuant to the City's Administrative Regulation 2.35 [the City' anti-discrimination policy]. In July 2017, the investigation concluded that Ms. Bruner's allegations of discrimination and retaliation were not a violation of Administrative Regulation 2.35 because they were untimely." Under AR 2.35, an employee had only 180 days in which to file a complaint of discrimination, and the City would not investigate complaints filed outside the deadline. However, only *after* the City's 180 day deadline was ridiculed in the media in connection with this very case, the City amended AR 2.35 to extend the deadline to 300 days on January 16, 2019, which reflects the 300 day deadline in which to file a charge of discrimination with the EEOC.

On January 17, 2019, Plaintiffs noticed the City's 30(b)(6) deposition regarding the amendment to AR 2.35. Just three days before the deposition, the City's lawyers asked to reschedule the deposition due to "personal and professional" (but otherwise unspecified) "logistical" issues. Plaintiffs' counsel granted the request as a professional courtesy. However, *after* Plaintiffs agreed to reschedule the deposition, defense counsel repudiated their promise to proceed with the deposition at another time and contended that this area of questioning was irrelevant and otherwise impermissible. The City also refused to provide Plaintiffs any documents regarding amending AR 2.35.

In its answer to Plaintiffs' Complaint, the City raised the affirmative defense recognized in Faragher v. City of Boca Raton, 524 U.S. 775 (1998), that it took "prompt and effective corrective" measures in response to Plaintiffs' complaints of discrimination. Because the City has already *admitted* that amendment to AR 2.35 constituted a subsequent "remedial measure," the recent amendments to AR 2.35 were clearly taken in response to Plaintiffs' complaints of discrimination. Because the City is invoking the Faragher defense, Plaintiffs have the right to engage in discovery regarding the City's remedial actions, including its recent amendments to AR 2.35. The history of the amendments is accordingly subject to discovery in this case, and the Court should order the City to proceed with the Rule 30(b)(6) deposition and produce all relevant documents regarding the amendments.

2

**Defendant's Position:** Plaintiffs seek a 30(b)(6) deposition on the City's "January 14, 2019 amendments to Administrative Regulation 2.35." The City's Equal Opportunity Department ("EOD") investigated Bruner's EOD complaints under AR 2.35 (which at the time indicated complaints must be filed within 180 days) and issued a report on July 19, 2017. In January 2019–1.5 years after EOD concluded Bruner's investigation–the City amended AR 2.35 in *multiple* ways, one of which was to note complaints must be filed within 300 days. The City raising the *Faragher/Ellerth* affirmative defense (where an employer "exercised reasonable care to prevent and correct promptly alleged harassing conduct") has no bearing on this discovery issue (the City took actions re: the alleged harassment regardless of AR 2.35) and doesn't entitle Plaintiffs to the depo. *Faragher v. Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus. v. Ellerth*, 524 U.S. 742 (1998). Subsequent amendments to AR 2.35 are not relevant to EOD's investigation into Bruner's complaints or the City's measures to prevent alleged harassing conduct regarding Bruner. A time consuming, expensive depo on this topic is also disproportionate to the needs of this case. Rule 26(b)(1). Plaintiffs seek this depo to embarrass and harass the City about changes to policy and argue about the merit of the policy, which is irrelevant. In meet and confer, Plaintiffs' counsel said he believed AR 2.35 was changed because the City was embarrassed after an ABC 15 news story (noting below the 180-day deadline "was ridiculed in the media"). The City has not admitted that any one of the multiple amendments to AR 2.35 in fact constituted a subsequent remedial measure - and this is an evidentiary issue, anyway. On May 23, the City told Plaintiffs the revisions to AR 2.35 were in the works before Bruner complained to EOD; if they issued an interrogatory on that point, the City would respond accordingly. Plaintiffs did not issue written discovery on this.[2] The deposition also seeks privileged information, as City lawyers were involved in amendments to AR 2.35.[3]

_____

[2] The City first asked to reschedule the depo, but said before doing that, the parties should discuss if there was information that could be provided to avoid the expense of a deposition.

[3] Plaintiffs now seek "all relevant documents regarding the amendments," but never issued an RFP on that. These documents are privileged and not discoverable (see above).

Respectfully submitted this 25th day of June 2019.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiffs

I hereby certify that on June 25, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrant:

C. Christine Burns
Kathryn Hackett King
BurnsBarton LLP
2201 East Camelback Road, Suite 360
Phoenix, Arizona 85016
Attorneys for Defendant

_____

4