C. Christine Burns #017108
Kathryn Hackett King #024698
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phoenix, AZ 85016
Phone: (602) 753-4500
christine@burnsbarton.com
kate@burnsbarton.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Bruner and Laura Cerda,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>City of Phoenix, an Arizona Municipal Corporation,<br><br>　　　　　Defendant. | No. 2:18-cv-00664-DJH<br><br>**DEFENDANT'S STATEMENT OF ITEMIZED ATTORNEYS' FEES AND COSTS** |

On September 11, 2019, this Court held an Oral Argument/Evidentiary Hearing on Defendant City of Phoenix's ("City") Motions for Sanctions and Second Motion for Sanctions. (Doc. 86, 99) At the conclusion of the hearing, relying on Federal Rules of Civil Procedure 26(a)(1), 34, 37(b)(2)(A), and General Order 17-08, the Court entered default judgment in favor of the City on Plaintiff Bruner's and Plaintiff Cerda's racial harassment claims.  The Court also ordered that Plaintiffs were precluded from introducing any claims of racial harassment to support their retaliation claims.  Further, the Court ordered that Plaintiffs pay the City's attorneys' fees and costs associated with its two Motions for Sanctions and ordered the City to submit an itemized statement of fees and costs to the Court. (Doc. 110; Reporter's Transcript of Proceedings, Motion Hearing/Evidentiary Hearing on September 11, 2019 ("Hearing Transcript"), 159:23-161:2) Pursuant to this Court's Orders, the City hereby submits this Statement of Itemized Attorneys' Fees and Costs.  The City requests that Plaintiffs be ordered to pay all of the

itemized attorneys' fees and costs set forth in Exhibits A, B, and C, as explained in more detail below.

I.   **Plaintiffs Should Pay for the City's Reasonably Incurred Attorneys' Fees and Costs.**

a.   *Attorneys' Fees and Costs Associated with Two Motions for Sanctions and Oral Argument/Evidentiary Hearing on Motions for Sanctions.*

The Court has already ordered Plaintiffs to pay the City's attorneys' fees and costs associated with its two Motions for Sanctions. (Doc. 110) Attached as Exhibit A is an itemized list of the City's attorneys' fees and costs associated with its two Motions for Sanctions and the resulting Oral Argument/Evidentiary Hearing on the City's two Motions for Sanctions, which was held on September 11, 2019.  The City has also included the City's attorneys' fees associated with the time spent preparing this Statement of Itemized Attorneys' Fees and Costs.  Recovery of these fees is appropriate.  *See, e.g., Gonzalez v. City of Maywood,* 729 F.3d 1196, 1210 (9th Cir. 2013) ("[I]t's now well established that time spent in preparing fee applications under 42 U.S.C. § 1988 is compensable.  This is so, even where the district court does not award the applicant the full amount of fees he requests") (internal citations and quotation marks omitted); *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973 (9th Cir. 2008).  Pursuant to Exhibit A, the City requests an award of attorneys' fees and costs associated with the two Motions for Sanctions and September 11, 2019 hearing in the total amount of $82,168.00.

b.   *Attorneys' Fees and Costs Associated with the City's Significant Efforts to Locate, Obtain from Plaintiffs, Preserve, and Produce Relevant Social Media Without the Court's Involvement.*

The Court has already found that Plaintiffs' social media, which the City sought through discovery, was relevant.  As the Court held, "the social media statements, they are relevant to your claims.  They are also relevant to the City's defenses."  (*See* Hearing Transcript, 156:16-157:8; *see also*, the Court's June 27, 2019 Order: "the Court finds Plaintiffs' social media to be relevant to Plaintiffs' claims and Defendant's defenses," Doc. 83, 4:1-2)  As set forth in the City's two Motions for Sanctions (Doc 86, 99) and during the September 11, 2019 hearing, the City undertook significant efforts for almost

one year to obtain this relevant social media evidence from Plaintiffs – information that was solely within their possession and control. Nonetheless, rather than producing relevant, discoverable evidence pursuant to Fed.R.Civ.P. 26 and 34: (1) Plaintiff Cerda "deleted relevant [social media] evidence"; (2) both Plaintiffs deactivated their Facebook accounts, which was "an attempt to destroy or spoliate evidence [] by both Ms. Cerda and Ms. Bruner….They did it with the intent to prevent the City from discovering relevant information"; and (3) Plaintiffs did not conduct timely or proper searches of Plaintiffs' social media – for example, (a) they did not hire computer consultant Mark Cardwell to search for relevant social media evidence "until after the first order to produce had expired" and (b) "Ms. Cerda [] has an Instagram account, yet there appears to have been no indication that any expert was hired or asked to even review those accounts." (*See* Hearing Transcript, 152:19-153:1; 157:9-13; 158:4-10)

Despite its obligations pursuant to General Order 17-08 and Rules 26(a), 34 and 37, Plaintiffs failed to preserve, spoliated, failed to properly search, and refused to disclose relevant social media "evidence [that] goes to the heart of the plaintiffs' claims with respect to racial harassment." (*See* Hearing Transcript, 158:19-21) Because of that, the City was required to engage in extensive meet and confer efforts with Plaintiffs' counsel in an effort to obtain relevant evidence from Plaintiffs without Court intervention. These efforts involved numerous phones calls, letters, and emails. zWhen those efforts failed, the City continued to incur significant attorneys' fees and costs to locate, preserve, and produce relevant social media itself (which included hiring an expert witness to collect social media evidence and address Plaintiffs' Facebook deactivation and failure to preserve electronically stored information).  At the September 11, 2019 hearing, the Court even noted the importance of the City's efforts to locate and disclose relevant social media evidence.  The Court explained that had the City "not produced the very document [Ms. Cerda's Facebook post], none of this relevant information would have ever come forward." (*See* Hearing Transcript, 159:6-9) Indeed, the results from the City's efforts to obtain this information gave rise to the City's two Motions for Sanctions.

1
2
3
4
5

   Accordingly, the City respectfully requests the Court order Plaintiffs to pay its fees and costs associated with the City's significant efforts to locate, obtain from Plaintiffs, preserve, and produce the relevant social media, which became the subject of the City's two Motions for Sanctions.  These itemized attorneys' fees and costs are attached as Exhibit B, and the City is requesting a total award of $16,862.00.

6
7

   *c.   Attorneys' Fees and Costs Associated with the Social Media Discovery Dispute Presented to this Court.*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

   After Plaintiffs failed to voluntarily produce the relevant social media evidence, the City was left with no other choice than to request Court involvement.  On June 25, 2019, the City presented this issue to the Court in the form of a Joint Summary of Discovery Dispute Regarding Plaintiffs' Social Media. (Doc. 82) This dispute resulted in a Court Order requiring Plaintiffs to produce certain social media by July 19, 2019. (Doc. 83) When Plaintiffs failed to comply, the City again requested the assistance of the Court, in the form of a Motion for Leave to File a Reply in Support of Its Motion for Sanctions. (Doc. 92). This request resulted in an additional Court Order, again requiring Plaintiffs "to fully comply with the Court's June 27, 2019 Order and produce to Defendants the specified social media." (Doc. 94) The City would never have been required to spend time and money seeking the Court's involvement had Plaintiffs complied with their obligations under the Federal Rules of Civil Procedure and General Order 17-08, or had Plaintiffs worked with the City in good faith to resolve the issues during the meet and confer process.  Moreover, had Plaintiffs complied with the Court's June 27, 2019 Order, the City would not have been required to again seek the Court's assistance, resulting in a second Order to produce social media evidence.  Accordingly, the City respectfully requests that the Court order Plaintiffs to pay its attorneys' fees and costs associated with the social media discovery dispute process presented to the Court.  These itemized attorneys' fees are attached as Exhibit C, and the City is requesting an award of $4,895.50.

27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    The City's Requested Attorneys' Fees and Costs are Reasonable.

Because the Court's award of fees and costs was based on Plaintiffs' violations of the Federal Rules of Civil Procedure, including Rules 26, 34, and 37, the specific requirements set forth in Fed. R. Civ. P. 54(d)(2) and LRCiv 54.2 do not apply.  *See* Fed.R.Civ.P. 54(d)(2)(E) (the requirements in "[s]ubparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules…"); *see also* LRCiv. 54.2 ("This Local Rule does not apply to … claims for attorneys' fees and related expenses for violations of the Federal Rules of Civil Procedure").  Nonetheless, attached as Exhibit D is a Declaration of Kathryn H. King in Support of Defendant's Statement of Itemized Attorneys' Fees and Costs.

As set forth therein, the City's request for fees and costs is fair, reasonable, and justified.  In addition, as set forth in the City's two Motions for Sanctions, the discovery disputes addressed with the Court, and the evidentiary hearing on September 11, 2019, Plaintiffs' misconduct was repeated and ongoing, and it required the City to engage in extensive efforts to obtain and preserve relevant evidence, file two Motions for Sanctions, and participate in an oral argument/evidentiary hearing that involved the examination of multiple witnesses and presentation of multiple documents.  In addition, Plaintiffs' counsel on multiple occasions represented that he would either provide Defendant with information or requested additional time to provide information, which extended the entire meet and confer and discovery dispute process.  Accordingly, this matter warranted substantial amounts of time and labor.[1]

/ / /

---

[1] The City incorporates paralegal fees as part of its request for attorneys' fees and costs, which is appropriate. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 284-89 (1989)(it is "self-evident ... that the 'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys" and affirming the lower court's decision to award paralegal fees at market rates).

1

2 **III.** **Conclusion.**

3 For all the above-stated reasons, the City requests that the Court award its reasonably

4 incurred attorneys' fees and costs in the total amount of $103,925.50.

5

6

7 RESPECTFULLY SUBMITTED this 11th day of October, 2019.

8 **BURNSBARTON PLC**

9

10 By   */s/ C. Christine Burns*
   C. Christine Burns

11 Kathryn Hackett King

12 **CERTIFICATE OF SERVICE**

13

14 I hereby certify that on October 11th, 2019, I electronically transmitted the
   foregoing documents to the Clerk's Office using the CM/ECF System for filing and

15 transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

16 Stephen Montoya

17 Montoya, Lucero & Pastor, P.A.
   3200 N. Central Ave., Suite 2550

18 Phoenix, AZ 85012

19 stephen@montoyalawgroup.com
   *Attorneys for Plaintiffs*

20

21 s/ *Carolyn Galbreath*

22

23

24

25

26

27

28

# ITEMIZED STATEMENT OF FEES EXHIBITS A-C

# [Submitted Under Seal]

**EXHIBIT D**

C. Christine Burns #017108
Kathryn Hackett King #024698
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phoenix, AZ 85016
Phone: (602) 753-4500
christine@burnsbarton.com
kate@burnsbarton.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Bruner and Laura Cerda, | No. 2:18-cv-00664-DJH |
| Plaintiffs, | |
| vs. | **DECLARATION OF KATHRYN H. KING IN SUPPORT OF DEFENDANT'S STATEMENT OF ITEMIZED ATTORNEYS' FEES AND COSTS** |
| City of Phoenix, an Arizona Municipal Corporation, | |
| Defendant. | |

Kathryn H. King, being first duly sworn upon her oath, deposes and says:

1.     I am over 18 years of age and have personal knowledge of the matters contained herein and believe that the matters stated herein are true and correct.

2.     I am a Partner at the law firm of BurnsBarton PLC ("BurnsBarton"). I am one of the attorneys responsible for the representation of Defendant City of Phoenix ("City" or "Defendant") in the above-captioned case.

3.     This Declaration is offered to provide context and explanation regarding Exhibits A, B and C to the City's Statement of Itemized Attorneys' Fees and Costs.

4.     I am a 2006 graduate of the James E. Rogers College of Law at the University of Arizona and a partner in the law firm of BurnsBarton. I performed various legal services throughout the entirety of the case, including the September 11, 2019 evidentiary hearing ("the hearing"). My billing rate in this matter is $295 per hour. The City has paid, or has agreed to pay, for the work performed by me. My billable work is

identified on Exhibits A, B and C as "K.K."

5.      Christine Burns is a 1996 graduate of the James E. Rogers College of Law at the University of Arizona and a partner in the law firm of BurnsBarton. Her discounted billing rate in this matter is $305 per hour (Ms. Burns' standard rate is $405 per hour). Ms. Burns performed various legal services throughout the entirety of the case, including at the hearing. The City has paid, or has agreed to pay, for the work performed by Ms. Burns. Ms. Burns' billable work is identified on Exhibits A, B and C as "C.B."

6.      David Barton is a 1992 graduate of the J. Reuben Clark Law School of Brigham Young University and was first licensed to practice law in Arizona in 1996. He is a partner at BurnsBarton. His billing rates in this matter have been $395 per hour and $405 per hour. Mr. Barton participated in work related to the retention and production of the City's social media expert witness, as well as preparation for the evidentiary hearing—with particular emphasis on reviewing, evaluating, and understanding the thousands of documents that were produced by Plaintiffs in the days immediately preceding the hearing. The City has paid, or has agreed to pay, for the work performed by Mr. Barton. Mr. Barton's billable work is identified on Exhibits A and B as "D.B."

7.      Michael Guilliam is a 2018 graduate of the James E. Rogers College of Law at the University of Arizona and is an associate in the law firm of BurnsBarton. Mr. Guilliam assisted in various research assignments related to social media and Defendant's Motions for Sanctions. Mr. Guilliam's billing rate in this matter is $195 per hour. The City has paid, or has agreed to pay, for the work performed by Mr. Guilliam. Mr. Guilliam's billable work is identified on Exhibit A as "M.G."

8.      Carolyn Galbreath is a litigation paralegal trained on the job at BurnsBarton. Ms. Galbreath assisted in preparation for the hearing—particularly with preparation of the exhibits and video deposition clips. Ms. Galbreath's billing rate in this matter is $195 per hour. The City has paid, or has agreed to pay, for the work performed by Ms. Galbreath. Ms. Galbreath's billable work is identified on Exhibit A as "C.G."

9.      Elizabeth "Betsy" Hibbs is a 1982 graduate of the University of Arizona,

and is a litigation paralegal at the law firm of BurnsBarton. Ms. Hibbs has worked as a litigation paralegal for 35 years and is the primary paralegal involved in the defense of this lawsuit and, as such, has performed various services throughout this litigation. Ms. Hibbs' billing rate in this matter is $195 per hour. The City has paid, or has agreed to pay, for the work performed by Ms. Hibbs. Ms. Hibbs' billable work is identified on Exhibits A, B and C as "B.H."

10.     The City has paid for, or agreed to pay for, the professional services rendered by BurnsBarton in this matter based upon the hourly billing rates charged for the attorney/paralegal time actually spent on this matter. BurnsBarton's bills are based upon the hourly rate of each attorney/paralegal, multiplied by the time actually spent on the matter, measured in tenths of an hour.

11.     Exhibits A, B and C *(marked confidential and filed under seal)* are itemized statements of attorneys' fees and costs charged by BurnsBarton in this matter that were reasonably necessary to address the discovery of social media evidence from Plaintiffs, including (i) attorneys' fees and costs associated with the two Motions for Sanctions and the September 11, 2019 oral argument/evidentiary hearing (Exhibit A), (ii) attorneys' fees and costs associated with the City's significant efforts to locate, obtain from Plaintiffs, preserve, and produce relevant social media without the Court's involvement (Exhibit B) and (iii) attorneys' fees associated with the social media discovery disputes presented to the Court (Exhibit C). In certain instances where the City was addressing with Plaintiffs' counsel the social media discovery dispute along with other discovery disputes, the City has reduced the amount of time on that entry in the attached exhibits.

12.     The detailed descriptions in Exhibits A, B, and C include the date of the task(s) performed, the person who performed each task, the amount of time expended measured in tenths of hours, the billable rate, the amount of charges for the time involved, and a brief description of the work performed.

13.     Exhibits A, B, and C are based on individual time records completed by the attorneys and paralegals. Consistent with BurnsBarton's practice and policy, the

individual attorneys and paralegals keep track of their time as they perform their work. The time data is then entered into the firm's accounting system, which generates billing statements.  Costs are submitted to accounting when they have been incurred and are included in the billing statements.  The billing statements are sent to the client, reflecting the work performed, the time charges, and the costs.  Remittances are sent to BurnsBarton in response to our billing statements.

14.     I have personally reviewed and approved the time and charges set forth in the Itemized Statements set forth at Exhibits A, B and C.  These statements reflect only those fees and costs incurred as a result of the social media discovery disputes and disclosures at issue in the Motions for Sanctions, which resulted in the sanction of attorneys' fees and costs ordered by the Court on September 11, 2019. (Reporter's Transcript of Proceedings, Motion Hearing/Evidentiary Hearing on September 11, 2019) The amount of attorneys' fees and costs sought is a reasonable sum, based upon Plaintiffs' repeated and ongoing misconduct and refusal to cooperate with the City in producing relevant, discoverable information – resulting in two Motions for Sanctions, two Court Orders, and an evidentiary hearing that entailed presentation of evidence including documentary exhibits, two fact witnesses, and three computer expert/consultant witnesses. The Itemized Statements set forth at Exhibits A, B and C have been edited based on our billing judgment to eliminate any unnecessary, administrative, duplicative and excessive time entries, and to remove some of the details pertaining to attorney-client privileged information.

15.     I believe and avow to the Court that the amount of attorneys' fees and costs requested herein are reasonable and consistent with the general billing practice of BurnsBarton in performing services for other clients of a similar nature.

Dated this 11th day of October, 2019.

Kathryn H. King
*Attorney for Defendant*

-4-