C. Christine Burns #017108
Kathryn Hackett King #024698
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phoenix, AZ 85016
Phone: (602) 753-4500
christine@burnsbarton.com
kate@burnsbarton.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Bruner and Laura Cerda,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix, an Arizona Municipal Corporation,<br><br>Defendant. | NO. 2:18-cv-00664-DJH<br><br>**REPLY IN SUPPORT OF DEFENDANT'S STATEMENT OF ITEMIZED ATTORNEYS' FEES AND COSTS** |

Defendant City of Phoenix ("City") respectfully requests that the Court grant its Statement of Itemized Attorneys' Fees and Costs ("Statement") in its entirety. The amounts requested by the City are reasonable and were necessary to address Plaintiffs' repeated violations of Fed.R.Civ.P. 26 and 34 and this Court's MIDP and discovery orders.

In their Response (Doc. 126), Plaintiffs first take issue with the time spent and number of lawyers involved in preparing the City's two Motions for Sanctions and also preparing for and participating in the Court's September 11, 2019 oral argument/evidentiary hearing. But Plaintiffs fail to address the fact that the hours and legal team were necessary because of Plaintiffs' own conduct. First, Plaintiffs disclosed tens of thousands of pages of social media documents just days before the September 11 hearing. Specifically, on September 6, 2019, the City received from Plaintiffs two sets of social media data production – one of which contained approximately 125 megabytes of

data, and the other which contained approximately 340 megabytes of data.  The City had less than 4 business days to review all of this data before the hearing.  On September 10, 2019 – <u>the day before</u> the hearing – the City received another social media data production from Plaintiffs, which contained approximately 35 megabytes of data (this amounted to about 1,100 files that varied in size, some of which contained thousands of pages).  It was necessary for the City to review and analyze the data productions by Plaintiffs in order to present relevant evidence at the hearing; and in fact, at the hearing, the City used as exhibits a number of documents within Plaintiffs' last-minute productions, the City cross examined both Plaintiffs and one of their computer consultant/expert witnesses using this information, and the City's own computer forensics expert testified regarding some of this data.

      The effect of Plaintiffs' last-minute productions became especially clear at one point during the evidentiary hearing, when Plaintiffs' counsel conceded they had not even been able to review all of the data before the hearing because it was such a large amount of information.[1]  At the hearing, the City questioned Ms. Cerda on a Facebook Messenger exchange between Plaintiff Bruner and Plaintiff Cerda (which was produced days before the hearing).  Mr. Montoya argued Plaintiff Cerda "hasn't had the opportunity to read the document yet.  It's voluminous" and further explained she had not reviewed all of the pages before the hearing "because it's thousands – it's thousands of pages that we gave them." (*See* September 11, 2019 Hearing Transcript, 45:8-46:3)  Thus, the City is in no way "embarrassed" – as Plaintiffs claim in their Response – by the time necessarily spent to prepare the two Motions for Sanctions and to thoroughly prepare for and participate in the September 11 hearing.  Put simply, the City was prepared to use and address documents in the last-minute data production at the hearing, but Plaintiffs were not.

---

[1] It is important to keep in mind that this data had been requested by the City nearly a year before the hearing, and the Court ordered Plaintiffs to produce this information by July 19, 2019 (Doc 83) and then again by August 9, 2019 (Doc. 94).  Regardless, Plaintiffs did not produce this information to the City until after the evidentiary hearing had been scheduled – and just days before the hearing.

Further, it is significant to note that the oral argument/evidentiary hearing was scheduled late in the day on September 3, 2019; although the Court was likely unaware, the parties were participating in a deposition of a key witness on September 4.  This meant the City had approximately one week to review the tens of thousands of pages of social media produced just days before the hearing, and to prepare for direct/cross examination of five live witnesses (the two Plaintiffs and three computer experts/consultants). Plaintiffs take issue with the work performed by attorney David Barton, but the majority of attorney Barton's time on the sanctions issue was spent reviewing the tens of thousands of pages of documents Plaintiffs produced days before the hearing and helping to evaluate how to use that information at the hearing.  Mr. Barton also spent time addressing computer expert issues, which was a focus of the hearing given (i) Plaintiffs' deletion and spoliation of relevant social media data, and (ii) the three computer experts/consultants who would testify at the hearing in light of Plaintiffs' misconduct.  Plaintiffs further question the involvement of associate attorney Michael Guilliam.  Attorney Guilliam conducted 5.3 hours of legal research, which was then used to cite supporting case law in the City's two Motions for Sanctions.  This is not unreasonable; indeed, it was more economical to have an associate attorney (at a lower billing rate) conduct legal research in support of the motions.  Thus, the City did not over-staff or over-bill (as Plaintiffs claim) in preparing the two Motions for Sanctions and preparing for and participating in the September 11 hearing.[2]

---

[2] In a claim – such as this – for fees/costs as sanctions for violating the Rules of Civil Procedure, the parties are not required to comply with the requirements set forth in Fed.R.Civ.P. 54(d)(2) and LRCiv 54.2.  *See* Fed.R.Civ.P. 54(d)(2)(E) (the requirements in "[s]ubparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules…"); *see also* LRCiv. 54.2 ("This Local Rule does not apply to … claims for attorneys' fees and related expenses for violations of the Federal Rules of Civil Procedure"). Thus, the Declaration of Kathryn H. King was not even necessary, but the City believed it would be helpful to the Court in interpreting the City's Statement of Itemized Attorneys' Fees and Costs.

Finally, in their Response, Plaintiffs continue to claim the City was always seeking Plaintiffs' entire social media account information, and imply that their lack of production was, therefore, justified. But this is not accurate. In its September 7, 2018 Request for Production of Documents, No. 6, the City requested a specific scope of Plaintiffs' social media:

> Please produce an unredacted, unedited digital copy of Your social media archives (including without limitation Twitter, Instagram, LinkedIn, and Facebook), from January 1, 2010 through present, including all postings, comments, or pictures that in any way relate to, Your employment with the City, any current or former City employee, the City, Your claims and allegations in the Lawsuit, the facts and circumstances giving rise to the Lawsuit, Your decision to bring the Lawsuit, Defendant's defenses to the Lawsuit, any witnesses or potential witnesses in the Lawsuit, Your alleged damages in the Lawsuit, and Your efforts to mitigate Your damages relating to the Lawsuit. A full and fair response to this Request will include posts, comments and pictures that in any way relate to Your emotional, mental or psychological state during the period in question.

The City's September 7, 2018 discovery request was tailored to Plaintiffs' claims and alleged damages in this case, as well as the City's defenses; it did not request "the entirety of their respective social media accounts," as Plaintiffs falsely represent in their Response. And the Court ordered Plaintiffs (twice) to produce the relevant social media to the City – Orders Plaintiffs chose to defy.

For these reasons, together with the reasons set forth in the City's Statement of Itemized Attorneys' Fees and Costs, the City respectfully requests that the Court order Plaintiffs to reimburse it for all of (i) its fees and costs relating to its two Motions for Sanctions, which would not have been necessary had Plaintiffs complied with the Rules of Civil Procedure and their MIDP responsibilities, (ii) its fees and costs expended on its significant efforts to obtain relevant social media evidence over the course of many months (in the form of telephone calls, letters, and emails) – all in an effort to resolve the matter without Court involvement, and (iii) its fees and costs expended on the social

media discovery dispute, which had become necessary because Plaintiffs failed to produce relevant social media evidence.

RESPECTFULLY SUBMITTED this 7th day of November, 2019.

**BURNSBARTON PLC**

By  */s/ C. Christine Burns*
C. Christine Burns
Kathryn Hackett King

CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Stephen Montoya
Montoya, Lucero & Pastor, P.A.
3200 N. Central Ave., Suite 2550
Phoenix, AZ 85012
stephen@montoyalawgroup.com
*Attorneys for Plaintiffs*

s/ *Betsy Hibbs*